# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| **GREGORY PAUL GAMBLE,** ) | |
| ) | Bankruptcy No. 12-00262 |
| Debtor. ) | |
| ) | |

## OPINION RE: OBJECTION TO EXEMPTIONS

This matter came before the Court on Trustee's Objection to Debtor's Exemption. The Court held a hearing on the matter on September 4, 2012. Larry Eide, the Chapter 7 Trustee, appeared on behalf of himself. John Schmillen appeared for the U.S. Trustee. James Thornton appeared for the Debtor, Gregory Paul Gamble. After hearing the arguments of counsel, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Trustee filed an objection to Debtor's claimed exemption in a cashier's check. Debtor did not disclose and/or claim the cashier's check as an asset in his original bankruptcy schedules. After the meeting of creditors and a follow up inquiry by the Trustee, Debtor amended his schedules to reflect the cashier's check. Debtor then also claimed the funds as fully exempt. Trustee claims the omission was in bad faith, and the Debtor's claimed exemption should be denied. The Court disagrees and overrules the Trustee's objection.

## FINDINGS OF FACT

On February 21, 2012, Debtor filed a voluntary Chapter 7 petition. On April 9, 2012, the § 341 Meeting of Creditors was held. Before the meeting, Debtor's attorney mailed Debtor's bank statements to Trustee. Apparently, Trustee did not receive the statements prior to the § 341 meeting. Debtor was not able to provide copies to Trustee at the § 341 meeting. However, Debtor did promptly provide the bank statements to Trustee shortly after the § 341 meeting.

On May 2, 2012, Trustee sent a letter to the Debtor's attorney requesting additional information. On June 7, 2012, Debtor's attorney responded to Trustee with the additional bank information requested. Trustee received this letter on June 11, 2012. Also on June 7, 2012, Debtor filed amended schedules which added a $2,000.00 cashier's check to Debtor's assets. Debtor claims the funds are fully exempt, partially as wages under Iowa Code Sections 537.5105 and 642.21 and partially under the "wild card" exemption in Iowa Code Section 627.6(14).

The original deadline for filing an objection to exemptions was June 8, 2012. On June 8, 2012, Trustee moved to extend the deadline to file objections for thirty days. Debtor consented to this extension and the Court granted the extension. On June 12, 2012, the Trustee filed an Objection to Debtor's Exemptions. Based on the bank statements received after the § 341 meeting, Trustee noted that $3,260.00 was withdrawn from Debtors checking account six

days before filing bankruptcy. Two cashier's checks were issued to the Debtor, one in the amount of $2,000.00 and another in the amount of $1,250.00, along with a $10.00 fee for the checks. The $1,250.00 cashier's check was intended to pay the bankruptcy filing fees and attorney's fee, and the funds were used for that purpose. The $1,250.00 check is not subject to the objection. The $2,000.00 check was intended to pay off some of Debtor's pre-petition bills so that they would not have to be listed on his schedules. However, on the date of filing, the $2,000.00 check had not been used and was therefore still an asset of the estate.

Trustee objects to Debtor's claimed exemption in the funds of the $2,000.00 cashier's check. Trustee claims that the omission of the cashier's check was in bad faith. Trustee notes that at the § 341 meeting of creditors Debtor was specifically asked whether he had purchased, used, or received cashier's checks within the year prior to bankruptcy. The Debtor answered he had not purchased, used, or received any cashier's checks within the prior year. Trustee claims "that Debtor has acted in bad faith and that the Debtor has concealed said property." (Objection to Exemption, ECF Doc. No. 21, at 2.) Trustee argues that it is appropriate to deny an exemption in a case where the Debtor has acted in bad faith in failing to disclose property.

On June 29, 2012, Debtor filed a resistance to Trustee's objection. Debtor claims that the omission of the cashier's check from the initial schedules was an

3

inadvertent mistake. The Court held an evidentiary hearing in Mason City, Iowa on September 5, 2012. Debtor's attorney argued at the hearing that Debtor simply did not understand the difference between a cashier's check and a regular check. Debtor's attorney pointed out that Debtor's formal education did not extend passed the 9th grade and argued the Debtor simply had not understood that a cashier's check was like cash and needed to be disclosed. Debtor testified. It became clear that Debtor was not knowledgeable of financial matters. Debtor still seemed confused as to what had occurred and to how regular checks and cashier's checks worked.

     Debtor's attorney also argued that Debtor's failure to disclose the cashier's check at the § 341 meeting of creditors was inadvertent. In his testimony, Debtor did not recall the § 341 meeting of creditors or his answers to the questions. Debtor did not dispute that he had answered "no" to whether he had purchased, used, or received cashier's checks in the prior year. At the Court hearing, Debtor still did not appear to fully understand the question or what the phrase "the prior year" meant. What is clear is that once Debtor became aware of the problem, Debtor filed amended schedules to claim the cashier's check as an asset of the estate and claim the funds as fully exempt. While Debtor's amendment came after questions by the Trustee, Debtor's amendment did occur before any objection was filed.

## CONCLUSIONS OF LAW

In bankruptcy, "all legal or equitable interests of the debtor in property at the commencement of the case" become property of the bankrutpcy estate. 11 U.S.C. § 541. A debtor may later remove assets from the estate by claiming state or federal exemptions. See 11 U.S.C. § 522. To facilitate the bankruptcy process, an individual debtor is required to file official schedules of his or her assets and liabilities and to claim any personal exemptions in the assets. 11 U.S.C. § 521; Fed. R. Bankr. P. 1007.

Generally, "[a] debtor may amend the list of property claimed as exempt . . . 'as a matter of course at any time before the case is closed . . . .'" In re Christianson, Bankr. No. 08-00078, 2008 WL 1902724, at *1 (Bankr. N.D. Iowa Apr. 29, 2008) (citing Fed. R. Bankr. P. 1009(a)). "The general rule allows liberal amendment of exemption claims." Kaelin v. Bassett (In re Kaelin), 308 F.3d 885, 889 (8th Cir. 2002). However, "[t]he bankruptcy court has the discretion to deny the amendment of exemptions if the amendment is proposed in bad faith or would prejudice creditors." Id. at 888 (citing Martinson v. Michael (In re Michael), 163 F.3d 526, 529 (9th Cir. 1998)).

"The objecting party has the burden of establishing bad faith or prejudice to creditors by a preponderance of the evidence." In re Charles, Bankr. No. 10-31028, 2013 WL 436441, at *2 (Bankr. D.N.D. Feb. 5, 2013) (citing In re

5

Bauer, 298 B.R. 353, 356 (B.A.P. 8th Cir. 2003)). "Bad faith is determined by an examination of the totality of the circumstances." Id. at 889 (citing Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort Inc.), 235 F.3d 375, 379 (8th Cir. 2000)). In particular, "[w]hen it is discovered that a debtor has attempted to hide an asset, it will generally support a finding of bad faith." Id. at 890 (citing Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir. 1982)).

## ANALYSIS

In this case, Trustee contends "that Debtor acted in bad faith and that Debtor has concealed said property." (Objection to Exemption, ECF Doc. No. 21, at 2.) Trustee does not claim any prejudice to creditors. There does not appear to be any dispute that the funds would be fully exempt if the exemption is allowed. Nor is there any allegation that the Debtor attempted to conceal nonexempt funds. Therefore, the only issue in this case is whether the Debtor acted in bad faith.

The Court finds the Debtor did not act in bad faith. At the hearing, the Debtor gave significant testimony regarding why he withdrew the money before the bankruptcy case, his intentions for the money, and why the cashier's check was still in his possession after the bankruptcy petition was filed. The Debtor testified that his failure to disclose the cashier's check in his initial schedules was an inadvertent mistake and that he was not trying to hide assets.

Debtor's testimony was quite credible. It was clear at the hearing that the Debtor lacked an understanding of how checks and cashier's checks worked. Debtor did not realize that a cashier's check was an asset like cash that needed to be disclosed. Debtor had intended to use the funds to pay bills before filing the bankruptcy petition and had been advised to do so. He failed to pay those bills and that the failure to use the money before the filing was inadvertent. Debtor also testified that his failure to disclose the cashier's check at the § 341 meeting of creditors was an innocent mistake. Debtor did not recall the questions or the answers he gave at the § 341 meeting. However, Debtor seemed sincere that any mistake he made was not intentional.

Based on the totality of the circumstances, including that Debtor disclosed the mistake in his first amendment and before any objection was filed, the Court finds the Debtor's failure to list the cashier's check on his initial schedules and his failure disclose the cashier's check at the § 341 meeting were not in bad faith. The Court accepts Debtor's testimony that both omissions were inadvertent mistakes. As such, Trustee has failed to meet his burden and show that the Debtor acted in bad faith by a preponderance of the evidence.

**IT IS HEREBY ORDERED** that the Chapter 7 Trustee's Objection to Debtor's Exemptions is **DENIED**. The Court will set a status hearing in the

related adversary proceeding, Adv. No. 12-09053, regarding U.S. Trustee's Motion for Objection to Discharge.

    Dated and Entered: March 12, 2013

_____
**THAD J. COLLINS, JUDGE**
**UNITED STATES BANKRUPTCY COURT**